### BOONVILLE FARMS COOPERATIVE, INC., Plaintiff-Appellant,

v.

### Orville L. FREEMAN, Secretary of Agriculture, Defendant-Appellee.

### No. 267, Docket 29479.

United States Court of Appeals Second Circuit.

Argued March 9, 1966.

Decided March 9, 1966.

Harry Rosenberg, Mineola, N. Y., for plaintiff-appellant.

John W. Douglas, Asst. Atty. Gen., Martin Jacobs and Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., and Justin J. Mahoney, U. S. Atty., for the Northern Dist. of New York, for defendant-appellee.

Before SMITH, HAYS and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

On March 9, 1966, when this case was reached on the calendar for argument, counsel for appellant not appearing, the case was taken on submission, and summary judgment for the defendant enter-

682

ed in the United States District Court for the Northern District of New York, James T. Foley, Judge, was affirmed from the bench.

The action, under the Agricultural Marketing Act of 1937, as amended, 7 U.S.C. § 601 et seq., sought review of a ruling of the Secretary of Agriculture assessing the sum of $2,854.11 as additional charges for a milk producers settlement fund. The District Court, on review of the record of administrative proceedings, found that plaintiff had failed to meet the burden of proof imposed on a milk handler attacking the administrative determination. We agree.

The cooperative, a handler of milk subject to the milk marketing order for the New York-New Jersey area, Order No. 27, under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. § 601 et seq., is required to make monthly reports to the Market Administrator as to the quantity and types of milk purchased by it. 7 C.F.R. § 927.50. The Administrator is required to verify such reports by an audit of the handler's records or those of a "person upon whose disposition of milk such handler claims classification." 7 C.F.R. § 927.54. Under the order, a handler challenging a classification bears the burden of proof.

The cooperative made reports, and they were audited, in part by an examination of the records of the Babylon Milk and Cream Co., to whom some milk had been sold by the cooperative. As a result of the audit, the Administrator reclassified the cooperative's milk, resulting in a higher use value of the milk disposed of by the cooperative for certain months. Since when that value exceeds the total "blend" price required to be paid producers by handlers such as appellant, the excess is required to be paid to a "Producer Settlement Fund" maintained by the Administrator, and since the cooperative's adjusted value did so exceed, the cooperative was billed $3,455.49 for these months.

The cooperative then commenced this administrative action under 7 U.S.C. § 608c, challenging $2,854.11 of the assessment. At the hearing, the cooperative produced one witness, a dairy consultant, who said he examined the records of Babylon and Boonville, and found the latter's reports correctly reflected the records, and that the Administrator's position after his audit was incorrect. The Department's sole witness stated that the audit was performed, and the bills were sent, but admitted that he had not examined the records of the cooperative.

■ Plaintiff's burden, under the regulations, § 907.44, was to establish that the classification by the Administrator was wrong. To do this, it had to show the actual use of the milk. Newark Milk and Cream Co. v. Benson, 287 F.2d 681 (3 Cir. 1961). The cooperative's witness failed to make this showing. The trier was justified in finding that Boonville's showing was not sufficient to persuade, without some demonstration of why the assessment was incorrect, or production of the underlying records.

■ Appellant's claim that there should have been a rehearing is frivolous. It had every opportunity to submit proper proof. As it had the burden of proof, as well as the initial burden of going forward, it is no answer to say the Hearing Examiner should have made the dairy consultant explain his conclusions. Furthermore, even if the consultant had explained, there still would be no showing of what Babylon actually did. It surely was no abuse of discretion, United States v. Pierce Auto Lines, 327 U.S. 515, 534, 66 S.Ct. 687, 90 L.Ed. 821 (1946), to deny a rehearing. Appellant set forth no good reason why it should have a rehearing. 7 C.F.R. § 900.68(a).

ANDERSON, Circuit Judge, (concurring in the result):

I concur in the result.